IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PAUL EDWARD TEEL,                    *
                                     *
        Petitioner,                  *
                                     *
v.                                   *     CIVIL ACTION NO. 07-00273-CB-B
                                     *
WARDEN JERRY FERRELL,                *
                                     *
        Respondent.                  *

## REPORT AND RECOMMENDATION

Paul Edward Teel, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1).  The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case.  Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004).  It is recommended that the habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent and against Petitioner Paul Edward Teel on all claims.

## FINDINGS OF FACT

On April 6, 1982, Teel pleaded guilty to Assaulting an Officer with a Deadly Instrument in the Circuit Court of Mobile County, Alabama, for which he received a sentence of four years

imprisonment, which was to run concurrent with a sentence in another case.  (Doc. 1, pp. 2, 17; Doc. 6, p. 1).[1]  The record does not indicate that Teel appealed his conviction and sentence.  <u>See</u> (Doc. 1).

On May 12, 1982, Teel filed a pro se petition for Writ of Error Coram Nobis and filed an amended petition, through counsel, on July 13, 1982, which was denied by the trial court. (Doc. 1, p. 18).[2] Thereafter, Teel filed an unsuccessful motion to reconsider the denial of his error coram nobis petition. (<u>Id.</u> at 19).  On February 23, 1983, Teel appealed, and on August 29, 1984, the Alabama Court of Criminal Appeals affirmed the circuit court's decision, without written opinion, and issued a Certificate of Judgment of Affirmance on September 18, 1984. (<u>Id.</u> at 23).

On April 13, 2007, Teel filed the instant petition seeking habeas relief in this Court.[3]  (Doc. 1).   In his petition, Teel alleges that he was denied his Sixth Amendment right to a speedy

---

[1]A review of the Alabama Department of Corrections' website reveals that Petitioner is presently serving a life sentence with the possibility of parole.

[2]During his state post-collateral proceedings, Teel was represented by attorney Michael B. Smith. (Doc. 1).

[3]Under the prison mailbox rule, the Court will assume that Teel actually delivered his petition to prison officials for mailing and filed his habeas petition on April 13, 2007 the date that it was signed and dated. <u>Houston v. Lack</u>, 487 U.S. 266, 271-272, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); <u>Washington v. United States</u>, 243 F.3d 1299 (11th Cir. 2001).

trial and that he was denied due process of law because of at least one detainer lodged against him in Mobile County.  (Id.) Respondent's Answer (Doc. 6) to Teel's habeas petition contains the defense that Petitioner fails to meet the "in custody" requirement of § 2254.  Specifically, Respondent submits that the sentence for the conviction which Teel challenges has long since expired. (Id.) Furthermore, Respondent alleges that Teel is not entitled to habeas corpus relief because pursuant to Seymour v. Alabama, 846 F.2d 1355 (11th Cir. 1988), a violation of the Interstate Agreement on Detainers ("IAD") is not cognizable in a § 2254 petition.  In addition, Teel's petition and claims, according to Respondent, are barred by the one-year limitation period set forth in the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. Section 2244(d)(1). (Id.) For the reasons set forth herein, the undersigned recommends that the petition be dismissed as barred by the one-year statute of limitations.

## CONCLUSIONS OF LAW

Pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996 enactment of The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review."  The Act provides that:

3

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court.  The limitations period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

For prisoners convicted prior to the enactment of the AEDPA, the statute of limitations is considered to run from the Act's effective date of April 24, 1996. Drew v. Dep't of Corr., 297 F.3d 1278, 1283 (11th Cir. 2003); Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999), cert. denied, 528 U.S. 1085, 120 S. Ct. 811, 145 L. Ed. 2d 683 (2000).  In other words, AEDPA's one-year statute of limitation expires on April 23, 1997, for habeas petitions filed by those inmates convicted prior to AEDPA's enactment date.

In the instant action, Teel did not directly appeal his

4

conviction or sentence; hence, his conviction became final when the 42 day period to appeal provided for by Ala.R.App.P. 4(b)(1) expired, that is, on May 18, 1982.[4]   Because Teel's conviction became final prior to enactment of the AEDPA, his petition for habeas corpus relief should have been filed no later than April 23, 1997.   Teel's habeas corpus petition was not filed in this Court until April 13, 2007, slightly less than ten (10) years after the statutory deadline had expired.   Thus, unless Teel can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition is untimely.

Section 2244(d)(2) of the AEDPA provides for the tolling of the limitations period pending state court review of a properly filed application for post-conviction relief.  <u>See</u> <u>In Re Hill</u>, 437 F.3d 1080, 1083 (11th Cir. 2006).   The record reveals that on April 24, 1996, Teel had no applications for state post-conviction review pending, nor did he file any such applications during the year that followed.   Teel filed a petition for Writ of Error Coram Nobis on May 12, 1982, and filed an amended petition shortly thereafter, through counsel; however, his Error Coram Nobis proceedings concluded when the Alabama Court of Criminal Appeals issued a Certificate of Judgment on September 18, 1984, which is well before

---

[4]"In a criminal case, [Alabama law provides that] a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (6 weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2)." Ala.R.App.P. 4(b)(1).

the AEDPA one-year statute of limitation began to run on April 24, 1996. Thus, Teel's petition for Writ of Error Coram Nobis was not pending during the limitations period, and "even 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period." Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). Therefore, Teel's Error Coram Nobis petition could not work to toll the limitations period, and his federal habeas petition was untimely filed.

Before recommending dismissal of Teel's petition for habeas relief as untimely, the undersigned must determine whether Petitioner has pled extraordinary circumstances which require a contrary conclusion.  The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar.  Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly.  See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).  See also Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3rd Cir. 1998)("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'... [g]enerally, this will occur when the petitioner has 'in some extraordinary way...been prevented from asserting his or her rights.'...[t]he petitioner must show that he

or she 'exercised reasonable diligence in investigating and bringing [the] claims.'... [m]ere excusable neglect is not sufficient."). Moreover, in the Eleventh Circuit, as a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Sec'y of Dep't of Corr., 259 F.3d 1310, 1314 (11th Cir. 2001), cert. denied, 535 U.S. 1080, 122 S.Ct. 1965 (2002); Drew v. Dep't of Corr., 297 F.3d 1278, 1286-87 (11th Cir. 2002).

In this case, Teel asserts that his petition should not be dismissed as untimely and argues as follows:  the AEDPA "does not retroactively apply and would violate ex-post facto[.][5] The unconstitutionally obtained convictions subjected this Petitioner

---

[5]To the extent that Teel's contention that AEDPA "does not retroactively apply" can be read as asserting that AEDPA's one year limitation is inapplicable to this case because it was enacted after he was convicted, his assertion is plainly erroneous. Specifically, 28 U.S.C. § 2254 governs the authority of the federal courts to consider applications for writs of habeas corpus submitted by state prisoners. Henderson v. Campbell, 353 F.3d 880, 889 (11th Cir. 2003).  Section 2254 was amended by AEDPA, which became effective April 24, 1996. Id. at 890.  Since Teel filed his petition after that date, this case is, indeed, governed by AEDPA. The Eleventh Circuit has concluded that, in light of the limitations period prescribed by AEDPA, prisoners convicted prior to its enactment, such as Teel, should be given a "reasonable time" to file their habeas petitions and determined that a reasonable period was until April 23, 1997, that is, one year after AEDPA's effective date. Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998).  As such, Teel's habeas petition should have been filed no later than that date.

to a sentence not authorized by law in the present conviction and sentence this Petitioner is now serving. The trial court had no subject matter jurisdiction to accept a plea and/or render judgement due to violation's [sic] of the uniform mandatory disposition of Detainer's [sic] acts, Code of Ala. §15-9-80, et seq (1975)." (See Doc. 1, p. 12). Aside from this conclusory allegation, Teel does not provide any explanation for the untimely filing of his habeas petition, nor does he provide any basis for the equitable tolling of the AEDPA limitations period.

As noted above, equitable tolling is appropriate when a petitioner fails to timely file his petition due to extraordinary circumstances beyond his control and unavoidable even with diligence. Steed, 219 F.3d at 1300. The burden firmly rests with the petitioner to establish that he is entitled to the benefit of this extraordinary remedy. Drew, 297 F.3d at 1286. Teel has not alleged the existence of extraordinary circumstances beyond his control that prevented him from filing a timely petition, nor has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claims and in bringing forth his habeas petition. He has also failed to allege, let alone offer any evidence that suggests he is actually innocent of the offense for which he was convicted.

*Assuming arguendo* that Teel could establish equitable tolling, which he cannot, his case would still be subject to dismissal

because he does not fulfill the "in custody" requirement of § 2254. A review of the record suggests that the four-year sentence which Teel received for Assaulting an Officer with a Deadly Weapon and which he is presently attempting to attack, expired by its own terms in 1986. Therefore, even if the undersigned had not determined that Teel's claims are time-barred and not excused by equitable tolling, the undersigned would, nevertheless, recommend the dismissal of Teel's claims because he was not "in custody" under that conviction or sentence at the time he filed his petition.[6]

Where Respondent has asserted the defense of statute of limitations and Teel has failed to meet his burden of establishing

---

[6]A habeas petitioner does not remain in custody under a conviction "after the sentence imposed for it has fully expired," even if there is "the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which [petitioner] is convicted." Maleng v. Cook, 490 U.S. 488, 492 (1989) ("We have never held ... that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed.") (emphasis in original); accord Jackson v. Sec'y for the Dep't of Corr., 206 Fed. Appx. 934, 935 (11th Cir. 2006). As indicated above, Teel was sentenced to four years imprisonment for his assault conviction on April 6, 1982, which was to run concurrent with a sentence in another case; however, he did not file the instant habeas petition until April 13, 2007, several years after his sentence for the assault conviction had expired. Accordingly, Teel cannot bring a federal habeas petition directed solely at the expired conviction. Lackawanna County Dist. Atty. v. Coss, 532 U.S. 394, 401 ("Coss is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions.").

extraordinary circumstances which would justify the equitable tolling of § 2244's one year statute of limitations, the undersigned must recommend dismissal. Accordingly, the undersigned finds that because Teel has neither demonstrated actual innocence, nor established that equitable tolling is warranted in this case, his federal habeas petition should be dismissed as time-barred. Teel's failure to meet the "in custody" requirement of § 2254 is yet another reason justifying the dismissal of his petition.

<u>CONCLUSION</u>

For the reasons set forth above, it is the opinion of the undersigned Magistrate Judge that Teel's petition for habeas corpus relief should be **DENIED**.  It is so recommended.

The attached sheet contains important information regarding objections to this recommendation.

**DONE** this **7th** day of **July, 2009**.


<u>    /s/ SONJA F. BIVINS    </u>
**UNITED STATES MAGISTRATE JUDGE**

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION <u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   <u>See</u> 28 U.S.C. § 636(b)(1)(c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**   Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are

adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

_____ **/s/ SONJA F. BIVINS** _____
**UNITED STATES MAGISTRATE JUDGE**